IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax Deferral

CAROLYN CORTHELL,                    )
                                     )
            Plaintiff,               )    TC-MD 130353C
                                     )
    v.                               )
                                     )
DEPARTMENT OF REVENUE                )
State of Oregon,                     )
                                     )
            Defendant.               )    **DECISION**

Plaintiff has appealed the decision of Defendant Oregon Department of Revenue to

inactivate her account with the Senior and Disabled Property Tax Deferral Program for the 2013-

14 tax year. Defendant filed its Answer explaining the reasons for the account inactivation and

requesting that the court uphold its action. The court held a telephone case management hearing

July 3, 2013, to discuss the appeal. Plaintiff appeared on her own behalf. Defendant was

represented by Kathy Stevens. At the commencement of the July 3, 2013, proceeding, following

a few initial questions by the court, the parties requested that the court make a decision based on

the undisputed facts and testimony presented. That hearing was essentially converted to a brief

telephone trial.

I.  STATEMENT OF FACTS

Plaintiff had been "a participant in the [Senior and Disabled Citizen Property Tax

Deferral] program since 2010." (Def's Ans at 1.) Defendant sent Plaintiff a letter dated

February 1, 2013, titled "Property Tax Deferral Recertification."[1] The letter noted that Plaintiff

_____

[1] A copy of Defendant's notice was sent to the court by Defendant at the court's request following the
telephone case management hearing held July 3, 2013. The court requested a copy of the notice because Plaintiff
testified she never received that notice and the court wanted to verify the address and information contained in the
letter.

DECISION  TC-MD 130353C                                                                          1

had participated in the deferral program and needed to provide Defendant with certain information so that Defendant could determine if Plaintiff continued to meet the program eligibility requirements. Attached to the letter was a questionnaire which Plaintiff was instructed to complete and mail back to Defendant "within 65 days from the date of this notice." (Def's Recertification Ltr at 1.)

Defendant did not receive a response to the letter, nor was the recertification letter returned to Defendant as undeliverable. Because Defendant did not receive a response from Plaintiff to its request for information, Defendant sent Plaintiff a notice titled "Deferral Account Inactivation," dated April 22, 2013. (Ptf's Compl at 2.) The inactivation letter advised Plaintiff that she was responsible for payment of her property taxes "beginning this November" because Defendant did not receive information from Plaintiff regarding her continued program eligibility within a 65-day deadline set forth in its February 1, 2013, letter to Plaintiff.

Plaintiff testified during the July 3, 2013, court proceeding that she never received Defendant's February 1, 2013, letter. She verified that the address was correct and advised the court that she did not have a history of mail receipt problems. Plaintiff did receive Defendant's April 22, 2013, inactivation letter advising Plaintiff she was responsible for her property taxes. Plaintiff timely appealed from that notice. Plaintiff has asked the court to allow her to have her taxes deferred for the year at issue. Defendant responds Plaintiff is not entitled to deferral because she failed to establish continued eligibility within the 65-day period required in the law, as set forth below.

/ / /

/ / /

/ / /

## II.  ANALYSIS

Oregon has a homestead property tax deferral program available to qualifying individuals owning qualifying property.  *See generally* ORS 311.666 to ORS 311.701.[2]  Legislative changes made by the Regular Session of the 2012 Oregon Legislative Assembly amended former ORS 311.689 (2011) in several respects.  As is pertinent to this case, Defendant became responsible for certifying the continued eligibility of each homestead granted deferral "not less than once every three years."  ORS 311.689(1)(a).[3]  To carry out that mandate, the legislature required that: (1) Defendant "notify the taxpayers [whose homesteads had been granted deferral] in writing of the[ir] obligation to certify eligibility," and (2) taxpayers "respond, by the means prescribed by the department, *within 65 days* after the department sends the notification."  ORS 311.689(1)(b). (Emphasis added.)

In this case Defendant sent Plaintiff a notice dated February 1, 2013, requesting Plaintiff provide information regarding her continued eligibility.  (Def's Ans at 1.)  The notice was mailed to Plaintiff's correct address at 11705 SE 63rd Avenue, Milwaukie, OR 97222, the same address Plaintiff provided on her appeal to this court and to which Defendant sent its April 22, 2013, Deferral Account Inactivation letter.  The February 1, 2013, notice advised Plaintiff that she had to complete the six questions in the attached form, attach a copy of her 2012 property tax statement, sign the form, and return it "to the department within 65 days from the date of this notice."  (*Id.*)

/ / /

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2012 and incorporate the amendments contained in Or Laws 2012, chapter 13.

[3] Prior to the 2012 amendment, the statute required taxpayers to certify continued eligibility for deferral to the county assessor.  *See former* ORS 311.689(1)(2011).  The amendment became effective June 4, 2012.  *See* Or Laws 2012, ch 13, § 9 (see note following section 9 for the identification of the effective date).

The 65-day deadline was April 8, 2013, because the 65th day fell on a Sunday, April 7, 2013. Plaintiff never responded to the letter and therefore missed the legislatively mandated 65 day recertification deadline.

Another statutory amendment made by the legislature in 2012 provides that "[f]ailure to respond as required under paragraph (b) of this subsection [which requires the Department to notify the taxpayer and requires the taxpayer to respond within 65 days] renders the homestead ineligible for deferral for the next following property tax year." ORS 311.689(1)(c). At the time of Defendant's recertification notification in February 2013 the "following property tax year" was 2013-14. Defendant sent Plaintiff a notice dated April 22, 2013, advising Plaintiff that her failure to provide the information demonstrating that her property continued to meet the deferral eligibility requirements within the 65-day deadline rendered her account inactive and made Plaintiff responsible for payment of the property taxes for the 2013-14 tax year. (Ptf's Compl at 2.)

The court is without any statutory authority to grant Plaintiff's request to continue the deferral. There was some discussion prior to the conclusion of the July 1, 2013, hearing about Plaintiff requesting relief from the Director of the Oregon Department of Revenue as provided in ORS 311.681.

III. CONCLUSION

The court concludes that Defendant properly inactivated Plaintiff's homestead property tax deferral account for the 2013-14 tax year because it timely sent Plaintiff notice of her requirement to certify the property's continued eligibility and Plaintiff did not respond within the

/ / /

/ / /

time set by the legislature. Furthermore, the court does not have any authority to consider any extenuating circumstances and grant Plaintiff's request to reinstate the deferral for the tax year at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of July 2013.

DAN ROBINSON
MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This Decision was signed by Magistrate Dan Robinson on July 29, 2013. The court filed and entered this Decision on July 29, 2013.***